IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IN RE: JIMMY DON KEEL, Debtor          No. 6:12-bk-72264
         Ch. 13

**ORDER SUSTAINING OBJECTION TO CLAIM OF IRS**

Before the Court are the *Objection to Tax Claim* filed by the debtor on September 13, 2016, and the *Answer to Debtor's Objection to Tax Claim* filed by the United States of America [IRS] on October 13, 2016. The Court heard the objection and response on November 29, 2016, and at the conclusion of the hearing, took the matter under advisement. For the reasons stated below, the Court sustains the debtor's objection and disallows the late-filed claim of the IRS pursuant to 11 U.S.C. § 502(b)(9).

The relevant facts before the Court are as follows:

1. The debtor filed his voluntary petition under chapter 13 on June 6, 2012.

2. The claims bar date for government claims was 180 days from the case filing date, or December 3, 2012.

3. The debtor did not include the IRS on his list of creditors. However, prior to the government claims bar date of December 3, 2012, the IRS received copies of the debtor's initial plan of reorganization and three modified plans, to wit:

   a. July 2, 2012: initial plan of reorganization mailed to Internal Revenue Service, Special Procedures Staff, Stop 5700-700 W. Capitol Ave., Little Rock AR 72201; and the U.S. Attorneys for the Eastern District and Western District of Arkansas.

   b. September 4, 2012: modified plan mailed to Internal Revenue Service, P.O. Box 7346, Philadelphia PA 19101; the U.S. Attorney for the Western District of Arkansas; and the Internal Revenue Service, P.O. Box 249, Memphis TN 38101.[1]

   c. September 12, 2012: modified plan mailed to Internal Revenue Service,

---

[1] The Court notes that the certificate of service included on this modification was not signed by the attorney of record at the time–Travis L. Starr.

                P.O. Box 7346, Philadelphia PA 19101; the U.S. Attorney for the Western District of Arkansas; and the Internal Revenue Service, P.O. Box 249, Memphis TN 38101.

      d.      October 3, 2012: modified plan mailed to Internal Revenue Service, P.O. Box 7346, Philadelphia PA 19101; the U.S. Attorney for the Western District of Arkansas; and the Internal Revenue Service, P.O. Box 249; Memphis TN 38101. This modified plan was confirmed on April 3, 2013.

4.      On May 13, 2015, the debtor filed his fourth modified plan proposing to remove the U.S. Treasury from the debtor's plan of reorganization because the IRS never filed a proof of claim. This was mailed to the same address used previously: Internal Revenue Service, P.O. Box 7346, Philadelphia PA 19101; and the U.S. Attorneys for the Eastern District and Western District of Arkansas. The modified plan was confirmed on June 5, 2015.

5.      On February 29, 2016, the IRS filed its proof of claim, to which the debtor objected on September 13, 2016.[2] The address listed on IRS's proof of claim indicating where notices should be sent was the same address to which the three modified plans were mailed prior to the claims bar date.

The positions of the parties are straight-forward. The debtor objected to the IRS's proof of claim because it was not filed timely. The claims bar date for the government was December 3, 2012,[3] but the IRS did not file its claim until more than three years later, on February 29, 2016. The IRS argues that because it was not listed on the debtor's mailing matrix, and despite service of at least three plans of reorganization from the debtor months prior to the claims bar date, it never received "adequate" notice of the debtor's bankruptcy case such that it would have had time to file a timely proof of claim.[4]

---

[2] Neither side introduced the IRS's proof of claim. However, the Court may take judicial notice of its own record in a case. Fed. R. Evid. 201.

[3] December 3, 2012, is 180 days after the date of the order for relief and the bar date pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(1), not October 17, 2012, as stated in the debtor's objection and admitted to in the IRS's response.

[4] At the hearing, the IRS argued that it did not receive "formal" notice from the debtor. However, the Court cannot find a definition of, or reference to, "formal" notice either in the bankruptcy code or the cases cited by the IRS. In one case, *In re*

The debtor has the burden of proving that the IRS received actual or appropriate notice. *In re Hairopoulos*, 118 F.3d 1240, 1244 (8th Cir. 1997). A document "properly addressed and mailed is presumed to have been delivered to the addressee." *Id.* (citations omitted). Actual notice is notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950).

*Hairopolous* is a pre-BAPCPA case that concerned the notice the IRS received after a debtor converted his case from chapter 7 to chapter 13. Although the IRS had notice of the debtor filing his no-asset chapter 7 case, the IRS did not receive notice of the debtor's conversion and subsequent bar date for filing a proof of claim in the chapter 13 case until after the bar date had expired.[5] The bankruptcy court found that because the IRS had received notice of the initial chapter 7 case and, later, of the conversion while the case was still pending, the IRS was on "inquiry notice" and should have come forward with a motion to file a claim out of time. In so finding, the court also made a finding that its records on the issue of service were "inconclusive." *Hairopolous*, 118 F.3d at 1242-43. The district court reversed the bankruptcy court, holding that the notice to the IRS was insufficient and did not put the IRS on inquiry notice of the debtor's subsequent conversion to chapter 13. The Eighth Circuit affirmed the district court.

According to the Eighth Circuit, creditors, including the government, "have a right to adequate notice and the opportunity to participate in a meaningful way in the course of

---

*Hairopolous*, 118 F.3d 1240 (8th Cir. 1997), the court uses the phrases "inquiry notice," "proper notice," "actual knowledge," "adequate notice," "insufficient notice," "appropriate notice," and "meaningful actual notice," but fails to mention "formal notice."

[5] This was particularly important because before BAPCPA, a tax claim that was non-dischargeable in a chapter 7 case was dischargeable in a chapter 13 case. The IRS would have needed to file a proof of claim to receive payments under the debtor's plan. Today, after BAPCPA, certain tax claims–specifically § 523(a)(1)(B) and (1)(C)–are also non-dischargeable in a chapter 13 case.

bankruptcy proceedings." *Hairopolous*, 118 F.3d at 1244.[6]  However, the court also recognized that "in some circumstances a creditor may be discharged because it failed to properly further inquire once it had some notice of the bankruptcy proceedings . . . ." *Id.* at 1245.  In the first of the three cases cited by the *Hairopolous* court that discussed notice, inquiry notice was imputed where the creditor received actual notice of the debtor's reorganization even though it did not receive notice of the creditor's meeting or the claims bar date.  *Id.* at 1246 (citing *In re Alton*, 837 F.2d 457, 459 (11th Cir. 1988)).  Similarly, in the case presently before this Court, the IRS received actual notice of three (and possibly four) proposed plans of reorganization prior to the claims bar date.  The IRS did not object to its treatment under the debtor's plan or otherwise respond to the pleadings.

In the second case cited by the *Hairopolous* court, the bankruptcy court upheld the dischargeability of a claim where the creditor's counsel had actual knowledge of the debtor's bankruptcy case two months before the claims bar date.  In that case, the creditor also did not receive notice of the bar date.  *Id.* (citing *In re Marino*, 195 B.R. 886, 897 (Bankr. N.D. Ill. 1996)).  The court reasoned that actual notice two months prior to the bar date was sufficient time for the creditor to take action to file a dischargeability complaint.  *Id.* (citing *In re Marino*, 195 B.R. at 897)).  Likewise, in the case before this Court, the IRS had actual knowledge of the debtor's bankruptcy case at least two months prior to the claims bar date.

Finally, in the third case cited by the *Hairopolous* court, the bankruptcy court made a factual determination that the creditor received the notice that was mailed to it when the notice was mailed and not returned as undelivered.  *Id.* (citing *In re Messics*, 159 B.R. 803, 806 (Bankr. N.D. Ohio 1993)).  In the case before this Court, the Court finds that the debtor met his burden of proving conclusive service by introducing the certificates of service attached to the pleadings that were introduced and admitted by agreement.  The

---

[6] Although the government does not have a constitutional right to due process, notice to government entities must satisfy the requirements of "fundamental fairness." *Hairopoulos*, 118 F.3d at 1244, n.3.

IRS never contested receiving the documents; it simply argued that it did not receive notice of the debtor's initial filing of the petition because it was not included on the debtor's petition mailing matrix.

Based on the facts before it, the Court concludes that the IRS received notice in this case sufficient to satisfy fundamental fairness referred to in *Hairopolous* and allow the IRS to participate in a meaningful way in the debtor's reorganization. The IRS chose not to. The Court sustains the debtor's objection to the IRS's late-filed claim and disallows the claim pursuant to 11 U.S.C. § 502(b)(9).[7]

The IRS also moved in the alternative to withdraw its proof of claim under Federal Rule of Bankruptcy Procedure 3006. Under that rule, if an objection to a proof of claim is filed, a creditor may not withdraw the claim except by order of the court after notice and a hearing. Because the IRS proceeded with its defense to the debtor's objection, it, effectively, elected its remedy. For the Court to allow the IRS to withdraw its claim now that the Court has disallowed it would permit the IRS to pursue inconsistent forms of relief. *See Nakdimen v. Baker*, 100 F.2d 195, 196-97 (8th Cir. 1938) (finding that federal pleading does not abandon the doctrine of election of remedies when it becomes prejudicial to allow a party to pursue inconsistent forms of relief). Hence, the Court denies as moot the IRS's alternative request to withdraw its proof of claim.

IT IS SO ORDERED.

/s/ Ben Barry
Ben Barry
United States Bankruptcy Judge
Dated: 12/06/2016

cc: Wm. Marshall Hubbard for the debtor
Jordan David Howlette for the IRS
Jack W. Gooding, chapter 13 trustee

---

[7] The Court is making no determination concerning the dischargeability of the debt owed to the IRS in this opinion.